**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**KAUFMAN DOLOWICH & VOLUCK, LLP**
BY   RICHARD J. PERR, ESQUIRE
       MONICA M. LITTMAN, ESQUIRE
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kdvlaw.com; mlittman@kdvlaw.com
Attorneys for Defendant GC Services Limited Partnership

---

| | |
|---|---|
| JONATHAN O. DAYE, individually and on behalf of those similarly situated, | : |
| | : |
| Plaintiff, | : |
| v. | : Case No. 3:21-cv-07981-MAS-TJB |
| | : |
| GC SERVICES LIMITED PARTNERSHIP, | : |
| | : |
| Defendant. | : |

---

**GC SERVICES LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S**
**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant GC Services Limited Partnership ("GC Services"), for its answer to the Complaint of Plaintiff Jonathan O. Daye ("Plaintiff's Complaint"), denies each and every allegation contained therein except any allegations which may be hereinafter specifically admitted. For further answer, utilizing the same paragraph numbering as utilized in Plaintiff's Complaint, GC Services alleges and states as follows:

## I. ANSWER TO PLAINTIFF'S COMPLAINT

### Response to I. Nature of the Action

1. The allegations contained in Paragraph 1 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

### Response to II. Parties

2. The allegations contained in Paragraph 2 are argumentative and state legal conclusions as to "natural person" to which no response is required. To the extent a response is required, GC Services denies the same.

3. GC Services lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 and, therefore, denies the same.

4. Admit.

### Response to III. Legal Basis for FDCPA Claims

5. The allegations contained in Paragraph 5 and Schedule A are argumentative, contain incomplete recitations of the statutes cited, and state legal conclusions to which no response is required. To the extent a response is required, GC Services denies the same.

### Response to IV. Allegations of Fact

6. The allegations contained in Paragraph 6 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services admits only that part of its business includes contacting

individuals who reportedly have amounts due and owing to others in an effort to obtain payment.

7.   GC Services admits only that part of its business includes using mail and/or telephone to contact individuals in various locations, including the state of New Jersey, who reportedly have amounts due and owing to others in an effort to obtain payment.  GC Services denies any remaining allegations contained in Paragraph 7.

8.   GC Services admits that a settlement offer letter was sent to Plaintiff dated February 20, 2020. GC Services admits that Exhibit A to Plaintiff's Complaint appears to be a true and correct copy of that offer (other than redactions in Exhibit A). GC Services asserts that the language in the letter speaks for itself, yet portrays only a portion of the facts and circumstances involved in this case. GC Services denies the remaining allegations in Paragraph 8.

9.   Admit.

10.   GC Services lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 and, therefore, denies the same.

11.   The allegations contained in Paragraph 11 are argumentative and state a legal conclusion to which no response is required.  To the extent a response is required, GC Services admits that the settlement offer letter sent to Plaintiff dated February 20, 2020 related to four accounts. GC Services asserts that the language in

the letter speaks for itself, yet portrays only a portion of the facts and circumstances involved in this case. GC Services denies the remaining allegations in Paragraph 11.

12. The allegations contained in Paragraph 12 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services admits that the letter attached as Exhibit A to Plaintiff's Complaint appears to be a true and correct copy of the letter sent by GC Services to Plaintiff and asserts that the language in the letter speaks for itself, yet portrays only a portion of the facts and circumstances involved in this case.

13. The allegations contained in Paragraph 13 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

14. GC Services admits that the letter attached as Exhibit A to Plaintiff's Complaint appears to be a true and correct copy of the letter sent by GC Services to Plaintiff and asserts that the language in the letter speaks for itself. GC Services denies any remaining allegations in Paragraph 14.

15. GC Services admits that the letter attached as Exhibit A to Plaintiff's Complaint appears to be a true and correct copy of the letter sent by GC Services to Plaintiff and asserts that the language in the letter speaks for itself. GC Services denies any remaining allegations in Paragraph 15.

16. Deny.

17. The allegations contained in Paragraph 17 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

18. The allegations contained in Paragraph 18 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

19. The allegations contained in Paragraph 19 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services admits only Exhibit A to Plaintiff's Complaint appears to be true and correct copies of the settlement offer letter sent dated February 20, 2020 (other than redactions in Exhibit A). GC Services asserts that the language in the letter speaks for itself, yet portrays only a portion of the facts and circumstances involved in this case.

20. The allegations contained in Paragraph 20 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

21. The allegations contained in Paragraph 21 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

22. The allegations contained in Paragraph 22 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

23. The allegations contained in Paragraph 23 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

24. The allegations contained in Paragraph 24 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

25. The allegations contained in Paragraph 25 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

26. GC Services admits that the letter attached as Exhibit A to Plaintiff's Complaint appears to be a true and correct copy of the letter sent by GC Services to Plaintiff and asserts that the language in the letter speaks for itself. GC Services denies any remaining allegations in Paragraph 26.

27. The allegations contained in Paragraph 27 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

## **Response to V. Class Allegations**

1. GC Services admits that Plaintiff is asserting this claim pursuant to N.J.S.A. 4:32 and Fed. R. Civ. P. 23. GC Services denies that class treatment is proper or that Plaintiff is entitled to any relief being sought.

2. The allegations contained in Paragraph 2 and Schedule "B" state legal conclusions and purported definitions to which no response is required. To the extent a response is required, GC Services denies the same and further denies that class treatment is proper or that Plaintiff is entitled to any relief being sought.

3. Paragraph 3 contains argument only and no allegations that require a response. To the extent a response is required, GC Services denies that class treatment is proper or that Plaintiff is entitled to any relief being sought.

4. Deny.

5. The allegations contained in Paragraph 5, including all sub-paragraphs, state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies that class treatment is proper or that Plaintiff is entitled to any relief being sought.

6. The allegations contained in Paragraph 6, including all sub-paragraphs, state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies that class treatment is proper or that Plaintiff is entitled to any relief being sought.

### **Response to VI. Cause of Action for Violation of the FDCPA**

28. GC Services incorporates by reference its answers to the allegations in Paragraphs 1 through 27, Paragraphs V.1-V.6 and all sub-paragraphs as if set forth fully herein.

29. The allegation contained in Paragraph 29 is argumentative, contains an incomplete recitation of the statute cited, and states a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

30. The allegation contained in Paragraph 30 is argumentative, contains an incomplete recitation of the statute cited, and states a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

31. The allegation contained in Paragraph 31 is argumentative, contains an incomplete recitation of the statute cited, and states a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same.

32. GC Services denies the allegations in Paragraph 32 and all sub-paragraphs.

33. Deny.

### Response to VII. Prayer for Relief

34. GC Services denies that Plaintiff is entitled to any relief requested in Paragraph 34, and all sub-paragraphs, including actual damages, statutory damages, interest, expenses or attorneys' fees and denies that class certification in this matter is proper.

### Response to VIII. Jury Demand

35. Paragraph 35 contains only a jury demand and does not require an admission or denial response

## II. AFFIRMATIVE DEFENSES

For further answer to Plaintiff's Complaint, GC Services alleges the following defenses. By asserting the matters below, GC Services does not assume the burden of proof on the allegations that do not constitute affirmative defenses and with regard to which Plaintiff bears the burden of proof.

1. Plaintiff has failed to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2. Plaintiff's claims may be barred by the statute of limitations.

3. Plaintiff's claims may be barred, in whole or in part, by the doctrines of latches, estoppel and/or waiver.

4. GC Services is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted

from a bona fide error notwithstanding GC Services' maintenance of procedures reasonably adapted to avoid any such error.

5. Plaintiff cannot maintain this action as a class action because the proposed class is overly broad and unascertainable.

6. Plaintiff cannot maintain this action as a class action because there are no questions of fact or law common to the proposed class that predominate over any questions affecting only individual members.

7. Plaintiff cannot maintain this action as a class action because the representative party will not fairly and adequately protect the interests of the proposed class.

8. Plaintiff cannot maintain this action as a class action because the class action is not an appropriate method for the fair and efficient adjudication of this controversy.

9. Plaintiff cannot maintain this action as a class action because GC Services did not maintain common, uniform policies or practices applicable to the proposed class.

10. Class-wide final injunctive and/or declaratory relief is not appropriate in this case because GC Services has not acted or refused to act on grounds that are generally applicable to the putative class.

11. GC Services reserves the right to assert additional affirmative defenses.

WHEREFORE, GC Services requests that the Court deny all relief requested by Plaintiff and enter judgment in favor of GC Services on all of Plaintiff's claims and that GC Services be awarded its taxable costs and all such other and further relief as the Court deems just and proper.

### III.     DEMAND FOR JURY

GC Services demands a jury pursuant to Fed. R. Civ. P. 38 for all issues so triable.

### L. CIV. R. 11.2 DECLARATION

Pursuant to Local Civil Rule 11.2 and 28 U.S.C. § 1746, the undersigned member of the bar of this Court hereby declares that the matter in controversy is not presently the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

                              Respectfully submitted,

                              **KAUFMAN DOLOWICH & VOLUCK, LLP**

By:   /s/ Monica M. Littman
        RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
        Four Penn Center
        1600 John F. Kennedy Blvd., Suite 1030
        Philadelphia, PA 19103
        Telephone: (215) 501-7002
        Facsimile: (215) 405-2973
        rperr@kdvlaw.com; mlittman@kdvlaw.com
        Attorneys for Defendant GC Services Limited
        Partnership

Dated:  April 23, 2021

## **CERTIFICATE OF SERVICE**

I, MONICA M. LITTMAN, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Yongmoon Kim, Esquire
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 06701
ykim@kimlf.com

Attorneys For Plaintiff

    /s/ Monica M. Littman
    MONICA M. LITTMAN, ESQUIRE

Dated: April 23, 2021

4841-0817-3542, v. 1